## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| GLASSCRAFT DOOR I, L.P. d/b/a<br>GLASSCRAFT DOOR COMPANY;<br>GLASSCRAFT DOOR CORP. d/b/a<br>GLASSCRAFT SPECIALTIES, INC.;<br>HOUSTON ART GLASS<br>ENTERPRISES, INC. d/b/a<br>HOUSTON GLASS CRAFT SUPPLY;<br>and HOUSTON ART GLASS<br>ENTERPRISES I, L.P. d/b/a<br>GLASSCRAFT SUPPLY CO. | § § § § § § § § § § | |
| *Plaintiffs,* | § § | |
| vs. | § § § | Case No. 4:08-cv-02667 |
| HOELSCHER WEATHERSTRIP<br>MANUFACTURING COMPANY;<br>HOELSCHER PROPERTIES, L.L.C.;<br>HOELSCHER PROPERTY<br>MANAGEMENT, LTD.;<br>ARLENE STAINED GLASS &<br>DOOR CO., L.P.; and<br>ARLENE STAINED GLASS, L.L.C. | § § § § § § § § § § | |
| *Defendants.* | § | Judge Gray H. Miller |

## PLAINTIFFS' FIFTH AMENDED COMPLAINT

Plaintiffs GlassCraft Door I, L.P. d/b/a GlassCraft Door Company; GlassCraft Door Corp. d/b/a Glass Craft Specialties, Inc.; Houston Art Glass Enterprises, Inc. d/b/a Houston Glass Craft Supply; and Houston Art Glass Enterprises I, L.P. d/b/a GlassCraft Supply Co. (collectively "Plaintiffs") file this Fifth Amended Complaint for injunctive relief and damages against Defendants Hoelscher Weatherstrip Manufacturing Co.; Hoelscher Properties, L.L.C.; Hoelscher Property Management, Ltd. (collectively "Hoelscher"); Arlene Stained Glass & Door Co., L.P.; and Arlene Stained Glass, L.L.C. (collectively "Arlene Glass") (all defendants collectively "Defendants"), alleging as follows:

## Nature and Statutory Bases of Actions

1.     Plaintiffs bring this action under the Copyright laws of the United States, 17 U.S.C. § 501, *et seq.* and the Trademark laws of the United States, 15 U.S.C. § 1114, *et seq.*  Further, this action is based on the Texas state law claims of unfair competition, common law trademark infringement, tortious interference with an existing contract, and tortious interference with prospective relations all of which are so related to Plaintiffs' claims of federal copyright and trademark infringement that they form part of the same case or controversy.

## The Parties

2.     Plaintiff GlassCraft Door I, L.P. d/b/a GlassCraft Door Company is a limited partnership organized and existing under the laws of the State of Texas.

3.     Plaintiff GlassCraft Door Corp. d/b/a Glass Craft Specialties, Inc. is a corporation organized and existing under the laws of the State of Texas.

4.     Plaintiff Houston Art Glass Enterprises, Inc. or Corporation d/b/a Houston Glass Craft Supply is a corporation organized and existing under the laws of the State of Texas.

5.     Plaintiff Houston Art Glass Enterprises I, L.P. d/b/a GlassCraft Supply Co. is a limited partnership organized and existing under the laws of the State of Texas.

6.     Defendant, Hoelscher Weatherstrip Manufacturing Co. is a Texas corporation with its principal place of business in Houston, Texas.  Hoelscher Weatherstrip Manufacturing Co. has entered its appearance in this action.

7.     Defendant Hoelscher Properties, L.L.C. is a Texas limited liability company with its principal place of business in Houston, Texas.  Hoelscher Properties, L.L.C. has entered its appearance in this action.

8.      Defendant Hoelscher Property Management, Ltd. is a limited partnership with its principal place of business in Houston, Texas.   Hoelscher Property Management, Ltd. has entered its appearance in this action.

9.      Defendant Arlene Stained Glass & Door Co., L.P. is a limited partnership organized and existing under the laws of the State of Texas with its principal place of business at 10440 Holly Springs Dr., Houston, Texas 77042.   Defendant Arlene Stained Glass & Door Co., L.P. has entered its appearance in this action.

10.      Defendant Arlene Stained Glass, L.L.C. is a limited liability company organized and existing under the laws of the State of Texas with its principal place of business at 10440 Holly Springs Dr., Houston, Texas 77042.   On information and belief, Defendant Arlene Stained Glass, L.L.C. is the general partner of Defendant Arlene Stained Glass & Door Co., L.P.   Defendant Arlene Stained Glass, L.L.C. has entered its appearance in this action.

## Jurisdiction and Venue

11.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a). Plaintiffs request that this Court assume supplemental jurisdiction over the state law claims of unfair competition, common law trademark infringement, tortious interference with an existing contract, and tortious interference with prospective relations pursuant to 28 U.S.C. § 1367.

12.      The Hoelscher defendants are corporations or partnerships organized and existing under the laws of the State of Texas doing business, presently and in the past, in the State of Texas at 1046 W. 23rd St., Houston Texas 77008 and 10111 Houston Oaks Dr., Houston TX 77064, thus subjecting them to the personal jurisdiction of this Court.

13.      The Arlene Glass defendants are limited partnerships or limited liability companies organized and existing under the laws of the State of Texas doing business, presently and in the

past, in the State of Texas at 10440 Holly Springs Dr., Houston, Texas 77042, thus subjecting them to the personal jurisdiction of this Court.

14.     Venue is proper in this district under 28 U.S.C. §§ 1391(b), 1391(c), and 1400(a).

### Factual Background

15.     Plaintiffs and Defendants are both in the business of selling and/or designing and/or manufacturing doors and entryway products.

16.     Plaintiffs and Defendants are direct competitors in the same market.

17.     Plaintiffs have developed unique and original designs for doors.  This development has required the investment of large amounts of time and money.  The designs include, but are not limited, to the following: (a) the Brighton Design; (b) the Charleston Design; (c) the Colonial Design; (d) the Remington Design; (e) the Travis Design; (f) the Cameo Design; (g) the Kensington Design; (h) the Marsala Design; (i) the Valencia Design; (j) the Versailles Design; (k) the St. Charles Design, (l) the Bering design, (m) the New Orleans design, (n) the Arlington design, (o) the Courtlandt design, (p) the Wimberley design, (q) the Brazos design, and (r) the Creekside design.  These designs are copyrighted by Plaintiffs.

18.     Plaintiffs enter into contracts for the sale and delivery of doors designed and created by Plaintiffs.

19.     Plaintiffs and Defendants each market their materials through the use of catalogs featuring photographs of their respective products.  Plaintiffs also market their materials through a website maintained by Plaintiffs and through various other sales materials.  Plaintiffs engage in this marketing in order to expand their sales base by entering into new contracts for the use of its designs.

20.     One or more of Plaintiffs is/are the owner(s) of numerous United States copyrights which protect both the designs on doors created by Plaintiffs, and in some cases the photographs of the doors used in Plaintiffs' websites, catalogs, and other sales material.   These copyrights (collectively "Copyrighted Designs") include, but are not limited to, the following:

a.   U.S. Copyright Registration No.VA756-097 for Designs for Beveled Glass: Brighton Design Series ("Brighton Design Series Copyright");

b.   U.S. Copyright Registration No.VA1-280-626 for Sculpture: Charleston Design Series; Charleston Wrought Iron Door Grille ("Charleston Design Series Copyright");

c.   U.S. Copyright Registration No.VA1-280-631 for Designs for Beveled Glass or Stained Glass: Colonial Design Series ("Colonial Design Series Copyright");

d.   U.S. Copyright Registration No.VA1-280-634 for Designs for Beveled Glass or Stained Glass: Remington Design Series ("Remington Design Series Copyright");

e.   U.S. Copyright Registration No.VA1-280-632 for Designs for Beveled Glass or Stained Glass: Travis Design Series ("Travis Design Series Copyright");

f.   U.S. Copyright Registration No.VA715-724 for a Drawing Design of Beveled Glass: Prisma Series ("Cameo Design Series Copyright");

g.   U.S. Copyright Registration No.VA756-096 for Designs for Beveled Glass: Cameo Design Series (same beveled glass pattern as No.VA715-724, except protecting the design of the entire door-panel and glass) ("Cameo Door-Panel Copyright");

h.   U.S. Copyright Registration No.VA623-666 for Designs for Beveled Glass: Kensington Design Series ("Kensington Design Series Copyright");

i.   U.S. Copyright Registration No.VA614-427 for Design for Beveled Glass: Marsala Beveled Glass Cluster ("Marsala Design Series Copyright");

j.   U.S. Copyright Registration No.VA480-687 for Design for Beveled Glass: Marsala Design Series (same beveled glass pattern as No.VA614-427, except protecting the design of the entire door panel) ("Marsala Design Series Door-Panel Copyright");

k.   U.S. Copyright Registration No.VA1-293-148 for Wrought Iron Design: Valencia Wrought Iron Design ("Valencia Wrought Iron Design Copyright");

l.   U.S. Copyright Registration No.VA614-428 for Designs for Beveled Glass: Versailles Beveled Glass Cluster Design ("Versailles Design Series Copyright");

m.   U.S. Copyright Registration No.VA224-379 for Designs for Beveled Glass: Versailles Design Series (same beveled glass pattern as No.VA614-428, except protecting the design of the entire door panel) ("Versailles Design Series Door-Panel Copyright");

n.   U.S. Copyright Registration No.VA315066 for Designs for Beveled Glass: Combo Clusters ("Combo Clusters");

o.   U.S. Copyright Registration No. VA1280-627 for Designs for Wrought Iron:  St. Charles Design Series ("St. Charles Design Series Copyright");

p.   U.S. Copyright Registration No. VAu475-312 for Designs for Beveled Glass:  Panel # 1-3/4DX96 ("Bering Door Design Copyright");

q.   U.S. Copyright Registration No. VAu475-311 for Designs for Beveled Glass:  Panel # 1-3/4DX97 ("Bering Door Sidelight Design Copyright");

r.   U.S. Copyright Registration No. VA175-195 for Designs for Beveled Glass:  Bevel Glass Panels for Doors ("New Orleans Design Copyright", and "Arlington Design Copyright," "Courtlandt Design Copyright," );

s.   U.S. Copyright Registration No. VA1280-633 for Designs for Beveled Glass or Stained Glass:  Wimberly Design Series ("Wimberley Door Copyright");

t.   U.S.  Copyright  Registration  No.  VA1280-021  for  Designs  for  Beveled  Glass  or Stained Glass:  Brazos Design Series ("Brazos Door Design Copyright");

u.   U.S.  Copyright  Registration  No.  VAu475-309  for  Designs  for  Beveled  Glass:  Panel No. 1-2/3DX96 ("Creekside Door Design Copyright");

v.   U.S.  Copyright  Registration  No.  VAu475-308  for  Designs  for  Beveled  Glass:  Panel No. 1-2/3DX97  ("Creekside Door Sidelight Design Copyright");

21.   Defendants have access to Plaintiffs' copyrighted designs.

22.   One  or  more  Plaintiffs  is/are  the  owner(s)  of  numerous  common  law  and  federally registered  trademarks  associated  with  Plaintiffs'  designs  through  the  use  of  these  marks  in marketing materials and the good will associated with these marks.  The trademarks include, but are not limited to, the following:

a.   U.S.  Trademark  Reg.  No.  3,540,070  for  the  Word  Mark  "Charleston"  for  use  in Wrought Iron Decorative Artwork;

b.   U.S.  Trademark  Reg.  No.  3,546,472  for  the  Word  Mark  "Remington"  for  use  in Decorative Beveled Glass Panel Artwork;

c.   U.S.  Trademark  Reg.  No.  3,540,087  for  the  Word  Mark  "Travis"  for  use  in Decorative Glass Panel Artwork; and

d.   U.S.  Trademark Reg. No. 3,536,968 for Word Mark "Marsala" for use in Decorative Glass Panel Sold as a Component of Non-metal Doors;

e.   U.S. Trademark Reg. No. 3,536,966 for Word Mark "St. Charles" for use in Wrought Iron Decorative Artwork;

f.   Common  law  trademark  for  the  Work  Mark  "Valencia"  for  use  in  Wrought  Iron Decorative Artwork;

g.   Common law trademark for the Work Mark "Versailles" for use in Wrought Iron Decorative Artwork;

h.   Common law trademark for the Work Mark "Brighton" for use in Wrought Iron Decorative Artwork;

23.   Hoelscher has copied the Brighton Design and marketed doors incorporating the Brighton Design as their own.

24.   Hoelscher's marketing materials incorporating the copied and stolen Brighton Design using the name "Brighton" were intended to reach customers for whom Plaintiffs and Defendants directly compete, and upon information and belief, these materials did reach these customers.

25.   Arlene Glass has copied the Brighton Design and marketed doors incorporating the Brighton Design as their own.

26.   Arlene Glass' copied and stolen Brighton Designs were intended to reach customers for whom Plaintiffs and Defendants directly compete, and upon information and belief, these materials did reach these customers.

27.   Hoelscher has copied the Charleston Design and marketed doors incorporating the Charleston Design as their own.

28.   Hoelscher's marketing materials incorporating the copied and stolen Charleston Design using the name "Charleston" or "Monte Carlo" were intended to reach customers for whom Plaintiffs and Defendants directly compete, and upon information and belief, these materials did reach these customers.

29.   Arlene Glass has copied the Charleston Design and marketed doors incorporating the Charleston Design as their own.

30.     Arlene Glass' copied and stolen Charleston Designs were intended to reach customers for whom Plaintiffs and Defendants directly compete, and upon information and belief, these materials did reach these customers.

31.     Hoelscher has copied the Colonial Design and marketed doors incorporating the Colonial Design as their own.

32.     Hoelscher's marketing materials incorporating the copied and stolen Colonial Design using the name "Colonial" or "Angelina" were intended to reach customers for whom Plaintiffs and Defendants directly compete, and upon information and belief, these materials did reach these customers.

33.     Arlene Glass has copied the Colonial Design and marketed doors incorporating the Colonial Design as their own.

34.     Arlene Glass' copied and stolen Colonial Designs were intended to reach customers for whom Plaintiffs and Defendants directly compete, and upon information and belief, these materials did reach these customers.

35.     Hoelscher has copied the Remington Design and marketed doors incorporating the copied Remington Design.

36.     Hoelscher used Plaintiffs' trademarked name "Remington" for the copied Remington Design in Defendant's marketing materials (specifically Hoelscher's website).

37.     Hoelscher's marketing of the copied and stolen Remington Design using the trademarked name "Remington" was intended to reach customers for whom Plaintiffs and Defendants compete directly, and upon information and belief, they did reach these customers.

38.     Arlene Glass has copied the Remington Design and marketed doors incorporating the Remington Design as their own.

39.    Arlene Glass' copied and stolen Remington Designs were intended to reach customers for whom Plaintiffs and Defendants directly compete, and upon information and belief, these materials did reach these customers.

40.    Hoelscher has copied the Travis Design, marketed doors incorporating the copied Travis Design, and sold doors incorporating the copied Travis Design.

41.    Hoelscher has used Plaintiffs' trademarked name "Travis" for the copied Travis Design in Defendants' marketing materials (specifically Defendants' website).

42.    Hoelscher's marketing of the copied and stolen Travis Design using the trademarked name "Travis" was intended to reach customers for whom Plaintiffs and Defendants directly compete, and upon information and belief, they did reach these customers.

43.    Hoelscher has sold doors incorporating the copied Travis Design to current and/or prospective customers of Plaintiffs.

44.    Arlene Glass has copied the Travis Design and marketed doors incorporating the Travis Design as their own.

45.    Arlene Glass' copied and stolen Travis Designs were intended to reach customers for whom Plaintiffs and Defendants directly compete, and upon information and belief, these materials did reach these customers.

46.    Hoelscher has copied the Cameo Design and marketed doors incorporating the Cameo Design as their own.

47.    Hoelscher's marketing materials incorporating the copied and stolen Cameo Design were intended to reach customers for whom Plaintiffs and Defendants directly compete, and upon information and belief, these materials did reach these customers.

48.     Arlene Glass has copied the Cameo Design and marketed doors incorporating the Cameo Design as their own.

49.     Arlene Glass' copied and stolen Cameo Designs were intended to reach customers for whom Plaintiffs and Defendants directly compete, and upon information and belief, these materials did reach these customers.

50.     Hoelscher has copied the Kensington Design and marketed doors incorporating the Kensington Design as their own.

51.     Hoelscher's marketing materials incorporating the copied and stolen Kensington Design were intended to reach customers for whom Plaintiffs and Defendants directly compete, and upon information and belief, these materials did reach these customers.

52.     Arlene Glass has copied the Kensington Design and marketed doors incorporating the Kensington Design as their own.

53.     Arlene Glass' copied and stolen Kensington Designs were intended to reach customers for whom Plaintiffs and Defendants directly compete, and upon information and belief, these materials did reach these customers.

54.     Hoelscher has copied the Marsala Design and marketed doors incorporating the Marsala Design as their own.

55.     Hoelscher's marketing materials incorporating the copied and stolen Marsala Design were intended to reach customers for whom Plaintiffs and Defendants directly compete, and upon information and belief, these materials did reach these customers.

56.     Arlene Glass has copied the Marsala Design and marketed doors incorporating the Marsala Design as their own.

57.     Arlene Glass' copied and stolen Marsala Designs were intended to reach customers for whom Plaintiffs and Defendants directly compete, and upon information and belief, these materials did reach these customers.

58.     Hoelscher has copied the Valencia Design and marketed doors incorporating the Valencia Design as their own.

59.     Hoelscher's infringement intended to reach customers for whom Plaintiffs and Defendants directly compete, and upon information and belief, these materials did reach these customers.

60.     Arlene Glass has copied the Valencia Design and marketed doors incorporating the Valencia Design as their own.

61.     Arlene Glass' copied and stolen Valencia Designs were intended to reach customers for whom Plaintiffs and Defendants directly compete, and upon information and belief, these materials did reach these customers.

62.     Hoelscher has copied the Versailles Design and marketed doors incorporating the Versailles Design as their own.

63.     Hoelscher's marketing materials incorporating the copied and stolen Versailles Design were intended to reach customers for whom Plaintiffs and Defendants directly compete, and upon information and belief, these materials did reach these customers.

64.     Arlene Glass has copied the Versailles Design and marketed doors incorporating the Versailles Design as their own.

65.     Arlene Glass' copied and stolen Versailles Designs were intended to reach customers for whom Plaintiffs and Defendants directly compete, and upon information and belief, these materials did reach these customers.

66.     Hoelscher has copied the Combo Clusters Design and marketed doors incorporating the Combo Clusters Design as their own.

67.     Hoelscher's marketing materials incorporating the copied and stolen Combo Clusters Design were intended to reach customers for whom Plaintiffs and Defendants directly compete, and upon information and belief, these materials did reach these customers.

68.     Arlene Glass has copied the Combo Clusters Design and marketed doors incorporating the Combo Clusters Design as their own.

69.     Arlene Glass' copied and stolen Combo Clusters Designs were intended to reach customers for whom Plaintiffs and Defendants directly compete, and upon information and belief, these materials did reach these customers.

70.     Hoelscher has copied the St. Charles Design and marketed doors incorporating the St. Charles Design as their own.

71.     Hoelscher's marketing materials incorporating the copied and stolen St. Charles Design were intended to reach customers for whom Plaintiffs and Defendants directly compete, and upon information and belief, these materials did reach these customers.

72.     Hoelscher has copied the Bering Door Design and marketed doors incorporating the Bering Door Design as their own.

73.     Hoelscher's marketing materials incorporating the copied and stolen Bering Door Design were intended to reach customers for whom Plaintiffs and Defendants directly compete, and upon information and belief, these materials did reach these customers.

74.     Arlene Glass has copied the Bering Door Design and marketed doors incorporating the Bering Door Design as their own.

75.     Arlene Glass' copied and stolen Bering Door Designs were intended to reach customers for whom Plaintiffs and Defendants directly compete, and upon information and belief, these materials did reach these customers.

76.     Hoelscher has copied the Bering Door Sidelight Design and marketed doors incorporating the Bering Door Design as their own.

77.     Hoelscher's marketing materials incorporating the copied and stolen Bering Door Sidelight Design were intended to reach customers for whom Plaintiffs and Defendants directly compete, and upon information and belief, these materials did reach these customers.

78.     Arlene Glass has copied the Bering Door Sidelight Design and marketed doors incorporating the Bering Door Sidelight Design as their own.

79.     Arlene Glass' copied and stolen Bering Door Sidelight Designs were intended to reach customers for whom Plaintiffs and Defendants directly compete, and upon information and belief, these materials did reach these customers.

80.     Hoelscher has copied the Arlington, New Orleans and Courtlandt Designs and marketed doors incorporating the Arlington, New Orleans and Courtlandt Designs as their own.

81.     Hoelscher's marketing materials incorporating the copied and stolen Arlington, New Orleans and Courtlandt Designs were intended to reach customers for whom Plaintiffs and Defendants directly compete, and upon information and belief, these materials did reach these customers.

82.     Arlene Glass has copied the Arlington, New Orleans and Courtlandt Designs and marketed doors incorporating the Arlington, New Orleans and Courtlandt Designs as their own.

83.     Arlene Glass' copied and stolen Arlington, New Orleans and Courtlandt Designs were intended to reach customers for whom Plaintiffs and Defendants directly compete, and upon information and belief, these materials did reach these customers.

84.     Hoelscher has copied the Wimberly Door Design and marketed doors incorporating the Wimberly Door Design as their own.

85.     Hoelscher's marketing materials incorporating the copied and stolen Wimberly Door Design were intended to reach customers for whom Plaintiffs and Defendants directly compete, and upon information and belief, these materials did reach these customers.

86.     Arlene Glass has copied the Wimberly Door Design and marketed doors incorporating the Wimberly Door Design as their own.

87.     Arlene Glass' copied and stolen Wimberly Door Designs were intended to reach customers for whom Plaintiffs and Defendants directly compete, and upon information and belief, these materials did reach these customers.

88.     Hoelscher has copied the Brazos Door Design and marketed doors incorporating the Brazos Door Design as their own.

89.     Hoelscher's marketing materials incorporating the copied and stolen Brazos Door Design were intended to reach customers for whom Plaintiffs and Defendants directly compete, and upon information and belief, these materials did reach these customers.

90.     Arlene Glass has copied the Brazos Door Design and marketed doors incorporating the Brazos Door Design as their own.

91.     Arlene Glass' copied and stolen Brazos Door Designs were intended to reach customers for whom Plaintiffs and Defendants directly compete, and upon information and belief, these materials did reach these customers.

92.     Hoelscher has copied the Creekside Door Design and marketed doors incorporating the Creekside Door Design as their own.

93.     Hoelscher's marketing materials incorporating the copied and stolen Creekside Door Design were intended to reach customers for whom Plaintiffs and Defendants directly compete, and upon information and belief, these materials did reach these customers.

94.     Arlene Glass has copied the Creekside Door Design and marketed doors incorporating the Creekside Door Design as their own.

95.     Arlene Glass' copied and stolen Creekside Door Designs were intended to reach customers for whom Plaintiffs and Defendants directly compete, and upon information and belief, these materials did reach these customers.

96.     Hoelscher has copied the Creekside Door Sidelight Design and marketed doors incorporating the Creekside Sidelight Door Design as their own.

97.     Hoelscher's marketing materials incorporating the copied and stolen Creekside Door Sidelight Design were intended to reach customers for whom Plaintiffs and Defendants directly compete, and upon information and belief, these materials did reach these customers.

98.     Arlene Glass has copied the Creekside Door Sidelight Design and marketed doors incorporating the Creekside Door Sidelight Design as their own.

99.     Arlene Glass' copied and stolen Creekside Door Sidelight Designs were intended to reach customers for whom Plaintiffs and Defendants directly compete, and upon information and belief, these materials did reach these customers.

100.    Hoelscher is aware of the copyrighted status of Plaintiffs' protected door designs and trademarks, and it has willfully infringed Plaintiffs' copyrights and trademarks.

101.    On information and belief, Arlene Glass provides counterfeit versions of Plaintiffs'
protected door designs to the Hoelscher entities, the Seybro entities, and perhaps other entities
unknown at this time.  These protected door designs include, but are not limited to, the protected
door designs described above.  Arlene Glass is aware of the copyrighted status of Plaintiffs'
protected door designs, and it has willfully infringed Plaintiffs' copyrights.  Further, on
information and belief, Arlene Glass has infringed Plaintiffs' trademarks identified above as
well.

102.    Hoelscher contends that Arlene provides the specifications for the door designs provided
to it by Arlene.

103.    Arlene contends that Hoelscher provides Arlene the specifications for the door designs
provided by Arlene to Hoelscher.

104.    The copies of Plaintiffs' doors which have been sold and marketed by Defendants are
each identical or substantially and confusingly similar to Plaintiffs' copyrighted designs.

105.    Defendants' marketing and selling of Plaintiffs' designs is likely to cause confusion as to
the source of the goods.

106.    Defendants' marketing and selling of Plaintiffs' designs is likely to create confusion in
the mind of a reasonable customer, to the detriment of Plaintiffs, as to the goods and services
which may be rightfully provided by Defendants.

### Count One – Copyright Infringement

107.    Plaintiffs re-allege and incorporate by reference herein the allegations contained in the
preceding paragraphs of this Complaint.

108.    Plaintiffs are the owners of multiple valid, subsisting U.S. Copyrights.  Defendants have
willfully infringed Plaintiffs' copyrights by copying and reproducing the designs protected by

Plaintiffs' copyrights; preparing derivative works based on the designs protected by Plaintiffs' copyrights; distributing copies of the designs protected by Plaintiffs' copyrights; and publicly displaying the designs protected by Plaintiffs' copyrights without license or permission.

109.   Specifically, Hoelscher has infringed upon each of the copyrights listed herein.

110.   Specifically, Arlenes has infringed upon each of the copyrights listed herein, except the St. Charles Design for which Plaintiffs are still investigating.

**Count Two – Trademark Infringement**

111.   Plaintiffs re-allege and incorporate by reference herein the allegations contained in the preceding paragraphs of this Complaint.

112.   Plaintiffs are the owners of multiple valid, live, subsisting federally registered trademarks as well as common law trademarks.

113.   Defendants, Hoelscher and Arlene, have used reproductions, counterfeit copies, and/or colorable imitations of these registered marks, without Plaintiffs' consent, in commerce in connection with the sale, offering for sale, distribution, or advertising of goods.  These uses by Defendants are likely to cause confusion.  Further, these acts constitute trademark infringement under 15 U.S.C. § 1114, *et seq.*  Hoelscher and Arlene Glass' actions also constitute common law trademark infringement.

114.   Defendants, Hoelscher and Arlene Glass, have reproduced, copied, and colorably imitated the registered marks of Plaintiffs and applied the reproduction to labels, signs, prints, and advertisements intended to be used in commerce on, or in connection with, the sale, offering for sale, distribution, and advertising of goods and services on and in connection with which such use is likely to cause confusion and mistake and to deceive.  These acts constitute

trademark infringement under 15 U.S.C. § 1114, *et seq.*  Further, these acts constitute common law trademark infringement.

115.    As demonstrated by the registration of Plaintiffs' marks, the marks are eligible for registration.  Plaintiffs are the senior users of these marks.  There is a likelihood of confusion between Plaintiffs' marks and Defendants' use of the marks.

116.    Specifically, Hoelscher has infringed upon each of Plaintiffs' trademarks listed herein.

117.    Specifically, Arlene has infringed upon each of Plaintiffs' trademarks listed herein, except for St. Charles. Plaintiffs are still investigating claims regarding the St. Charles trademark.

### Count Three – Unfair Competition/False Advertising

118.    Plaintiffs re-allege and incorporate by reference herein the allegations contained in the preceding paragraphs of this Complaint.

119.    Defendants have used Plaintiffs' protected designs and trademarks in Defendants' own advertising.  This use of Plaintiffs' designs and trademarks has been in commerce.  The use of Plaintiffs' designs and trademarks by Defendants in advertising was done to misrepresent the nature, characteristics, qualities and origin of both Plaintiffs and Defendants' goods and services.  These acts constitute false advertising under § 43(a) of the Lanham Act (15 U.S.C. § 1125(a)).

120.    Further, the creation of Plaintiffs' products required the investment of extensive time, labor, skill and money.  The Defendants have used products based on Plaintiffs' designs in competition with the Plaintiffs.  Defendants have been burdened with little or none of the expenses incurred by Plaintiffs.  There has been commercial damage to the Plaintiffs.  Therefore, Defendants have committed Misappropriation under Texas Common Law.

### Count Four – Implied Passing Off/Reverse Passing Off

121.    Plaintiffs re-allege and incorporate by reference herein the allegations contained in the preceding paragraphs of this Complaint.

122.    Hoelscher has copied Plaintiffs' designs directly into Hoelscher's own marketing materials and copied Plaintiffs' designs which have been incorporated into doors sold by Hoelscher.  Defendants have not credited or recognized Plaintiffs for either the photographs or the designs.  This use of the Plaintiffs' designs is likely to cause consumer confusion as to the source of the designs, and Plaintiffs have been harmed by Hoelscher's use of Plaintiffs' designs. These acts constitute reverse passing off under § 43(a) of the Lanham Act (15 U.S.C. § 1125(a)).

123.    Arlene Glass has copied Plaintiffs' designs directly into Arlene Glass' own marketing materials and copied Plaintiffs' designs which have been incorporated into doors sold by Arlene Glass.  Defendants have not credited or recognized Plaintiffs for either the photographs or the designs.  This use of the Plaintiffs' designs is likely to cause consumer confusion as to the source of the designs, and Plaintiffs have been harmed by Arlene Glass' use of Plaintiffs' designs. These acts constitute reverse passing off under § 43(a) of the Lanham Act (15 U.S.C. § 1125(a)).

### Count Five – Tortious Interference with Existing Contracts

124.    Plaintiffs re-allege and incorporate by reference herein the allegations contained in the preceding paragraphs of this Complaint.

125.    Plaintiffs have valid contracts for the sale of doors with particular customers.

126.    Defendants, through the marketing and sales of doors incorporating the designs stolen from Plaintiffs, have willfully and intentionally interfered with these contracts.  The interference proximately caused injury, and continues to cause injury, to the Plaintiffs.  Plaintiffs have suffered actual damage or loss as a result of Defendants' interference with these contracts.

## Count Six – Tortious Interference with Prospective Relations

127.    Plaintiffs re-allege and incorporate by reference herein the allegations contained in the preceding paragraphs of this Complaint.

128.    There is a reasonable probability that Plaintiffs would have entered into business relationships with certain parties within the relevant market.  Defendants have intentionally interfered with these relationships through the marketing and selling of doors incorporating designs stolen from Plaintiffs.   The conduct of the Defendants, which constituted the interference, was independently tortious and unlawful.  Plaintiffs have suffered actual damages and loss as a result of Defendants' interference.

## Request for Permanent Injunction

129.    Plaintiffs re-allege and incorporate by reference herein the allegations contained in the preceding paragraphs of this Complaint.

130.    Plaintiffs ask this Court to order that Defendants, their agents, servants, employees, and all other persons in privity or acting in concert with Defendants, be enjoined and restrained from copying, preparing derivative works based on, distributing copies of, and/or publicly displaying Plaintiffs' protected designs.

131.    Plaintiffs ask this Court to set Plaintiffs' application for permanent injunction for a full trial on the merits and, after the trial, issue a permanent injunction against Defendants.

## Discovery Rule

132.    Plaintiffs re-allege and incorporate by reference herein the allegations contained in the preceding paragraphs of this Complaint.

133.    Plaintiffs invoke the discovery rule regarding Plaintiffs' causes of action.  Because the Plaintiffs' injuries and causes of action were inherently undiscoverable and objectively

verifiable, the discovery rule applies and tolled the accrual of each of Plaintiffs' causes of action until it knew or should have discovered the facts made the basis of this Complaint.

## Fraudulent Concealment

134.    Plaintiffs re-allege and incorporate by reference herein the allegations contained in the preceding paragraphs of this Complaint.

135.    Plaintiffs allege that Defendants concealed facts necessary for the Plaintiffs to know that it had causes of action and had suffered damages as a result of Defendants' actions.  Therefore, the accrual of Plaintiffs' causes of action should have been tolled during the period of concealment.

## Joint And Several Liability/Alter Ego

136.    Plaintiffs re-allege and incorporate by reference herein the allegations contained in the preceding paragraphs of this Complaint.

137.    The Hoelscher defendants are jointly and severally liable for Plaintiffs' damages because they have acted or continue to act in concert.  Therefore, these defendants are jointly liable for the total amount of damages under the Texas common law principles of conspiracy, principal/agent liability, partnership liability, joint enterprise liability, and all other bases establishing participatory and vicarious liability.  Accordingly, Plaintiffs have alleged each cause of action herein against all Hoelscher defendants. Further, each Hoelscher entity are alter egos of each other and Plaintiffs seek to set aside the corporate structure of these companies and to pierce the corporate veil to hold each Hoelscher defendant liable for the actions of the other Hoelscher defendant. There was such unity between the corporations that the separateness of the corporations has ceased and holding only one corporation liable would result in injustice.

138.    The Arlene defendants are jointly and severally liable for Plaintiffs' damages because they have acted or continue to act in concert.  Therefore, these defendants are jointly liable for the total amount of damages under the Texas common law principles of conspiracy, principal/agent liability, partnership liability, joint enterprise liability, and all other bases establishing participatory and vicarious liability.  Accordingly, Plaintiffs have alleged each cause of action herein against all Arlene defendants. Further, each Arlene entity are alter egos of each other and Plaintiffs seek to set aside the corporate structure of these companies and to pierce the corporate veil to hold each Arlene defendant liable for the actions of the other Arlene defendant. There was such unity between the corporations that the separateness of the corporations has ceased and holding only one corporation liable would result in injustice.

### Conspiracy

139.    Plaintiffs re-allege and incorporate by reference herein the allegations contained in the preceding paragraphs of this Complaint.

140.    Defendants acted together to further the common purpose of their conspiracy.

141.    The object of Defendants' conspiracy was to copy Plaintiffs' protected door designs which constitute violations of the Copyright laws of the United States, 17 U.S.C. § 501, *et seq.,* the Trademark laws of the United States, 15 U.S.C. § 1114, *et seq.,* and the Texas state law claims of unfair competition, tortious interference with an existing contract, and tortious interference with prospective relations.

142.    The Defendants had a meeting of the minds on the copying of Plaintiffs' protected door designs.

143.   The Defendants committed unlawful, overt acts by copying Plaintiffs' protected door designs.   Plaintiffs have suffered injury as a proximate result of Defendants' copying of Plaintiffs' protected door designs.

144.   Further, Arlene and Seybro acted together to further the common purpose of their conspiracy. The object of the Arlene/Seybro conspiracy was to copy Plaintiffs' protected door designs which constitute violations of the Copyright laws of the United States, 17 U.S.C. § 501, *et seq.,* the Trademark laws of the United States, 15 U.S.C. § 1114, *et seq.,* and the Texas state law claims of unfair competition, tortious interference with an existing contract, and tortious interference with prospective relations.   Arlene and Seybro had a meeting of the minds on the copying of Plaintiffs' protected door designs.   Arlene and Seybro committed unlawful, overt acts by copying Plaintiffs' protected door designs.   Plaintiffs have suffered injury as a proximate result of Arlene and Seybro's copying of Plaintiffs' protected door designs.

## Damages

145.   Plaintiffs seek to recover all out-of-pocket losses that they have sustained.   In addition, Plaintiffs have sustained actual damages including direct and consequential damages, as well as special damages, as a result of Defendants' acts, including but not limited to: loss of profit; loss of business opportunity; loss of investment opportunity and damages related to Plaintiffs' inability to enjoy the benefit of the exclusivity of Plaintiffs' designs.   Plaintiffs also reserve their right to seek statutory damages.

146.   Plaintiffs' damages resulting from the conduct and omissions of Defendants are continuing and are in excess of the jurisdictional minimums of this Court.

147.   In addition to Plaintiffs' actual damages, Plaintiffs are entitled to recover exemplary damages.  Defendants' conduct was done fraudulently, knowingly, with actual awareness, malice

and intent, or with such an entire want of care as to indicate that the acts and omissions in question were the result of conscious indifference to the rights and welfare of Plaintiffs.

148.    Finally, Plaintiffs sue to recover prejudgment interest on all elements of damages incurred in the past as provided by law; post-judgment interest on the judgment rendered in this case at the legal rate, until paid in full; and costs of court.

## Attorneys' Fees

149.    Due to Defendants' conduct, it has been necessary for Plaintiffs to employ counsel to prosecute this action on its behalf.  Accordingly, Plaintiffs seek recovery of their attorneys' fees and reasonable costs from Defendants.

## Conditions Precedent

150.    All conditions precedent to bringing the above causes of action have been met or occurred.

## Alternative Pleadings

151.    The foregoing facts and theories are pled cumulatively and alternatively, with no election or waiver of rights or remedies.

## Jury Demand

152.    Plaintiffs assert their rights under the Seventh Amendment to the U.S. Constitution and demand a trial by jury on all issues, in accordance with Federal Rule of Civil Procedure 38.

## Prayer

WHEREFORE, Plaintiffs GlassCraft Door I, L.P. d/b/a GlassCraft Door Company, GlassCraft Door Corp. d/b/a Glass Craft Specialties, Inc., Houston Art Glass Enterprises, Inc. d/b/a Houston Glass Craft Supply, and Houston Art Glass Enterprises I, L.P. d/b/a GlassCraft Supply Co., therefore respectfully request that Defendant Hoelscher Weatherstrip Manufacturing Co.,

Hoelscher Properties, L.L.C., Hoelscher Property Management, Ltd.; Arlene Stained Glass & Door Co., L.P.; and Arlene Stained Glass, L.L.C. be cited to appear, and that upon final hearing in this matter, Plaintiffs receive judgment as follows:

1.   Enter upon hearing, an injunction ordering that Defendants, their agents, servants, employees and all other persons in privity or acting in concert with Defendants, be enjoined permanently thereafter from copying, preparing derivative works based on; distributing copies of; and/or publicly displaying the Plaintiffs' protected designs.

2.   Enter an order requiring Defendants, jointly and severally, to account to Plaintiffs for any and all profits derived by Defendants and for all damages sustained by Plaintiffs by reason of Defendants' acts complained of herein.

3.   Award Plaintiffs compensatory damages in an amount yet to be determined for Defendants' acts complained of herein and/or statutory damages.

4.   Award Plaintiffs exemplary damages in an amount to be determined at trial for the willful, deliberate, and malicious acts of Defendants.

5.   Award Plaintiffs their reasonable attorneys' fees and costs of suit herein;

6.   Award Plaintiffs pre-judgment and post-judgment interest; and

7.   Grant Plaintiffs such other and further relief, legal and equitable, as this Court shall deem just and appropriate.

Respectfully submitted,

MehaffyWeber, P.C.


/s/Corey Seel
Ernest W. Boyd
Attorney-in-Charge
State Bar No.00783694
S.D. Texas Bar No.23211
butchboyd@mehaffyweber.com

OF COUNSEL:

Eric M. Adams
State Bar No.24031686
S.D. Texas Bar No.30371
ericadams@mehaffyweber.com
Corey J. Seel
State Bar No.24037465
S.D. Texas Bar No.437840
coreyseel@mehaffyweber.com
MehaffyWeber, P.C.
500 Dallas, Suite 1200
Houston, Texas  77002
Telephone: (713) 655-1200
Facsimile: (713) 655-0222

**Counsel for Plaintiffs**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on June 16, 2009 I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing.  Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the following ECF registrants:


Mr. John Daniel Long
Crady, Jewett & McCulley, LLP
2727 Allen Parkway, Suite 1700
Houston, Texas  77019-2125

**ATTORNEYS FOR HOELSCHER DEFENDANTS**

Mr. Henry B. Gonzalez III
Gonzalez, Chiscano, Angulo & Kasson, P.C.
7718 Broadway
San Antonio, Texas  78209

**ATTORNEYS FOR ARLENE DEFENDANTS**


/s/ Corey Seel
Corey Seel