**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| GLASSCRAFT DOOR I, L.P., *et al.*, | § | |
| | § | |
| *Plaintiffs*, | § | |
| | § | |
| v. | § | CIVIL ACTION H-08-2667 |
| | § | |
| SEYBRO DOOR & WEATHERSHIP CO., INC., *et al.*, | § | |
| | § | |
| *Defendants*. | § | |

**MEMORANDUM OPINION AND ORDER**

Pending before the court are Plaintiffs Glasscraft Door Corp., Glasscraft Door I, L.P., Houston Art Glass Enterprises I, L.P., and Houston Art Glass Enterprises Inc.'s (collectively, "Glasscraft") motions for summary judgment (Dkts. 70, 89, 91, 95, and 97), Defendants Arlene Stained Glass & Door Co., L.P., and Arlene Stained Glass, LLC's (collectively, "Arlene") motions for summary judgment (Dkts. 99, 100, 101, and 102), and Glasscraft's motion to dismiss (Dkt. 98).[1]

Upon consideration of the pleadings, the motions, responses, and replies, the record, and the applicable law, Glasscraft's motions for summary judgment on its copyright infringement claims are GRANTED IN PART and DENIED IN PART (Dkts. 70, 91). Glasscraft's motion for partial summary judgment regarding willfulness (Dkt. 95) is GRANTED IN PART and DENIED IN PART. Glasscraft and Arlene's motions for summary judgment on the breach of contract claim (Dkts. 89, 100) are DENIED. Glasscraft's motion for summary judgment on Arlene's affirmative defenses (Dkt. 97) is DENIED. Glasscraft's motion to dismiss Arlene's counterclaims (Dkt. 98) is

[1]Also pending before the court is a motion to sever Seybro. Seybro was a defendant in this case, but the claims against it have been settled, and judgment has been entered. Accordingly, the motion to sever (Dkt. 86) is DENIED AS MOOT.

GRANTED IN PART and DENIED IN PART. Arlene's motion for summary judgment on the Lanham Act claims (Dkt. 99) is DENIED. Arlene's motion for summary judgment on the tortious interference claims (Dkt. 101) is GRANTED IN PART and DENIED IN PART, and Glasscraft's claim for tortious interference with an existing contract is DISMISSED WITH PREJUDICE. Arlene's motion for summary judgment on Glasscraft's discovery rule and fraudulent concealment claims (Dkt. 102) is DENIED.

## I. Factual Background and Claims

Plaintiff and defendant are both in the business of designing, selling, and manufacturing door and entryway products and are direct competitors with each other. Plaintiff owns numerous copyrights and trademarks which protect specific wrought iron and beveled glass door designs. Plaintiff alleges that defendant has copied its designs and marketed doors incorporating plaintiff's designs as its own. Based on these allegations, plaintiff asserts causes of action for copyright infringement, trademark infringement, unfair competition/false advertising, implied passing off/reverse passing off, tortious interference with existing contracts, tortious interference with prospective business relationships, and breach of contract. The court considers several of these claims below and will present additional factual background as it is relevant to the analysis.

## II. Summary Judgment Standard

A timely motion for summary judgment shall be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c); *see also Carrizales v. State Farm Lloyds*, 518 F.3d 343, 345 (5th Cir. 2008). Upon a defendant's motion for summary judgment, the plaintiff "must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary

judgment, if appropriate, shall be entered against him." FED. R. CIV. P. 56(e). Ultimately, "[w]here the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S. Ct. 1348 (1986). An issue is "material" if its resolution could affect the outcome of the action. *Burrell v. Dr. Pepper/Seven Up Bottling Group, Inc.*, 482 F.3d 408, 411 (5th Cir. 2007). "[A]nd a fact is genuinely in dispute only if a reasonable jury could return a verdict for the non-moving party." *Fordoche, Inc. v. Texaco, Inc.*, 463 F.3d 388, 392 (5th Cir. 2006).

The moving party bears the initial burden of informing the court of all evidence demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett* , 477 U.S. 317, 323, 106 S. Ct. 2548 (1986). Only when the moving party has discharged this initial burden does the burden shift to the non-moving party to demonstrate that there is a genuine issue of material fact. *Id.* at 322. If the moving party fails to meet this burden, then it is not entitled to a summary judgment, and no defense to the motion is required. *Id.*

"For any matter on which the non-movant would bear the burden of proof at trial . . . , the movant may merely point to the absence of evidence and thereby shift to the non-movant the burden of demonstrating by competent summary judgment proof that there is an issue of material fact warranting trial." *Transamerica Ins. Co. v. Avenell* , 66 F.3d 715, 718–19 (5th Cir. 1995); *see also Celotex*, 477 U.S. at 323–25. To prevent summary judgment, "the non-moving party must come forward with 'specific facts showing that there is a genuine issue for trial.'" *Matsushita Elec. Indus. Co.*, 475 U.S. at 587 (quoting FED. R. CIV. P. 56(e)).

When considering a motion for summary judgment, the court must view the evidence in the light most favorable to the non-movant and draw all justifiable inferences in favor of the non-movant. *Envtl. Conservation Org. v. City of Dallas, Tex.*, 529 F.3d 519, 524 (5th Cir. 2008). The

court must review all of the evidence in the record, but make no credibility determinations or weigh any evidence; disregard all evidence favorable to the moving party that the jury is not required to believe; and give credence to the evidence favoring the non-moving party as well as to the evidence supporting the moving party that is uncontradicted and unimpeached. *Moore v. Willis Ind. Sch. Dist.*, 233 F.3d 871, 874 (5th Cir. 2000). However, the non-movant cannot avoid summary judgment simply by presenting "conclusory allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation." *See TIG Ins. Co. v. Sedgwick James of Wash.*, 276 F.3d 754, 759 (5th Cir. 2002); *see also Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). By the same token, the moving party will not meet its burden of proof based on conclusory "bald assertions of ultimate facts." *Gossett v. Du-Ra-Kel Corp.*, 569 F.2d 869, 872 (5th Cir. 1978); *see also Galindo v. Precision Amer. Corp.*, 754 F.2d 1212, 1221 (5th Cir. 1985).

## III. ANALYSIS

### A. Copyright Infringement

To prove copyright infringement, a plaintiff must show (1) ownership of a valid copyright and (2) actionable copying. *Galiano v. Harrah's Operating Co., Inc.*, 416 F.3d 411, 414 (5th Cir. 2005). Actionable copying requires a finding of (1) factual copying and (2) substantial similarity. *Bridgmon v. Array Sys. Corp.*, 325 F.3d 572, 576 (5th Cir. 2003). Factual copying "can be proven by direct or circumstantial evidence." *Id.* "As direct evidence of copying is rarely available, factual copying may be inferred from (1) proof that the defendant had access to the copyrighted work prior to creation of the infringing work and (2) probative similarity." *Peel & Co. v. Rug Market*, 238 F.3d 391, 394 (5th Cir. 2001).

Once a plaintiff establishes factual copying, the plaintiff must prove that the copyrighted work and the allegedly infringing work are substantially similar. *Bridgmon*, 325 F.3d at 577. "To

determine whether an instance of copying is legally actionable, a side-by-side comparison must be made between the original and the copy to determine whether a layman would view the two works as 'substantially similar.'" *Creations Unlimited, Inc. v. McCain*, 112 F.3d 814, 816 (5th Cir. 1997). The question of substantial similarity should typically be left to the fact finder. *Id.* However, summary judgment may be appropriate if the court can determine that no reasonable juror could differ in weighing the evidence. *Peel*, 238 F.3d at 395.

**1. Ownership of a Valid Copyright**

Glasscraft's sixth amended complaint alleges infringement of twenty-two different registered copyrights. It has moved for summary judgment on all of them. Dkts. 70, 91[2]. All twenty-two copyrights are registered with the United States Copyright Office. *Id.* Federal registration of a copyright is *prima facie* evidence of the validity of the copyright and creates a rebuttable presumption that the copyright is valid. *Norma Ribbon & Trimming, Inc. v. Little*, 51 F.3d 45, 47 (5th Cir. 1995). "Copyright ownership is shown by (1) proof of originality and copyrightability and (2) compliance with the applicable statutory requirements." *Compaq Computer Corp. v. Ergonome Inc.*, 387 F.3d 403, 407 (5th Cir. 2004). The originality requirement "means only that the work was independently created by the author (as opposed to copied from other works), and that it possesses at least some minimal degree of creativity." *Norma Ribbon & Trimming*, 51 F.3d 45 (5th Cir. 1995).

Arlene argues that Glasscraft's designs are not original because they consist of simple geometric shapes, such as arches, oval, and stars that do not meet minimum levels of creativity. Dkt. 105. Individual shapes such as ovals or stars are not copyrightable, just as individual words are not

[2]Arlene and Glasscraft have both objected to exhibits submitted by the other. Dkt. 74, 79. The court has considered the objections, and they are OVERRULED. The court will consider all of the evidence before it, giving each piece of evidence its due weight and considering it in the light most favorable to the non-movant.

copyrightable. However, "a work comprising uncopyrightable elements may, through original organization and presentation, be protected by copyright law." *Compaq Computer Corp. v. Ergonome, Inc.*, 137 F. Supp. 2d 768, 774 (S.D. Tex 2001). The court finds that all of Glasscraft's designs satisfy the originality requirement. The arrangement of geometric shapes into decorative door panels requires creativity, and there is no evidence that Glasscraft copied its designs from a previous designer.

Arlene has not presented any evidence that Glasscraft has failed to comply with statutory formalities. Since Arlene has not met its burden in rebutting the presumption of a valid copyright, the court finds that Glasscraft owns a valid copyright for each of the designs at issue in this case.

**2. Actionable Copying**

Having determined that Glasscraft holds valid copyrights in the designs at issue, the court must determine whether Glasscraft has established that Arlene engaged in actionable copying of its designs. To establish actionable copying, Glasscraft must show factual copying and substantial similarity.

**a. Factual Copying**

A plaintiff can establish an inference of copying by showing that the defendant had access to plaintiff's work and that a probative similarity exists between the copyrighted work and the allegedly unlawful copy. *Peel & Co.*, 238 F.3d at 394. Glasscraft has conclusively established both of these, and the court finds that no reasonable juror could find otherwise.

Glasscraft has established that Arlene had access to its designs by presenting deposition testimony of Arlene's corporate representative, Son Nguyen. Dkt. 70, Ex. 15. Mr. Nguyen testified that he had previously purchased Glasscraft door designs, that he had received correspondence from Glasscraft regarding its products and copyrights, and that he was aware that some of his customers

provided pictures of Glasscraft designs and asked him to copy them. *Id.* This is sufficient to prove that Arlene had access to the designs.

An examination of the copyrighted designs and the designs sold by Arlene leaves no doubt that the designs are probatively similar. Dkt. 70, Exs. 1-41; Dkt. 91, Exs. 1-26. Many of Arlene's doors include designs that are nearly identical to Glasscraft's copyrighted designs. Those that are different, are generally different only in minor respects. In addition, Glasscraft has submitted direct evidence of copying. Mr. Nguyen admitted in deposition testimony that he looked at Glasscraft designs as a model for his designs at the request of his customers. Dkt. 70, Ex. 15. This is enough to establish probative similarity. Since Glasscraft has established both elements, the court finds that Arlene factually copied Glasscraft's copyrighted designs.

**b. Substantial Similarity**

Having determined that Arlene factually copied Glasscraft's copyrighted designs, the court must now consider whether the copying is actionable. Copying is actionable only if there is substantial similarity between the copyrighted design and the alleged copy. The issue of substantial similarity is generally an issue of fact for the jury. However, where no reasonable jurors could disagree, summary judgment is appropriate. *Peel*, 238 F.3d at 395. Glasscraft has submitted its registered copyrights including pictures of the copyrighted designs. It has also submitted pictures of the doors produced by Arlene which allegedly infringe on those copyrights. The court has conducted a side-by-side review of all of the designs covered by Glasscraft's motions and makes the following rulings.

**I. Brighton Design**

The copyrighted Brighton design and the design sold by Arlene are very similar. However,

the differences between the two designs are enough to preclude summary judgment. Dkt. 70, Exs. 11, 18.

**ii. Colonial Design**

The copyrighted Colonial design and the design sold by Arlene are very similar. However, the differences between the two designs are enough to preclude summary judgment. Dkt. 70, Exs. 12, 20.

**iii. Remington Design**

The copyrighted Remington design and the design sold by Arlene are identical. The court finds that no reasonable juror could find otherwise and determines that they are substantially similar as a matter of law. Dkt. 70, Exs. 13, 22.

**iv. Travis Design**

The copyrighted Travis design and the design sold by Arlene are very similar. However, the differences between the two designs are enough to preclude summary judgment. Dkt. 70, Exs. 6, 24.

**v. Versailles Design**

The copyrighted Versailles design, which is covered by three Glasscraft copyrights, and the design sold by Arlene are very similar. However, the differences between the two designs are enough to preclude summary judgment. Dkt. 70, Exs. 7, 8, 9, 26.

**vi. Valencia Design**

The copyrighted Valencia design and the design sold by Arlene are identical. The court finds that no reasonable juror could find otherwise and determines that they are substantially similar as a matter of law. Dkt. 70, Exs. 10, 31.

**vii. Charleston Design**

The copyrighted Charleston design and the design sold by Arlene are identical. The court finds that no reasonable juror could find otherwise and determines that they are substantially similar as a matter of law. Dkt. 70, Exs. 1, 30.

**viii. Kensington Design**

The copyrighted Kensington design and the design sold by Arlene appear very similar. However, the pictures submitted by Glasscraft are not clear enough to make a final determination regarding substantial similarity. This precludes summary judgment for now. Dkt. 70, Exs. 3, 36.

**ix. Cameo Design**

The copyrighted Cameo design, which is covered by two Glasscraft copyrights, and the design sold by Arlene are very similar. However, the differences between the two designs are enough to preclude summary judgment. Dkt. 70, Exs. 2, 32.

**x. Marsala Design**

The copyrighted Marsala design, which is covered by two Glasscraft copyrights, and the design sold by Arlene appear nearly identical. However, the pictures submitted by Glasscraft are not clear enough to make a final determination regarding substantital similarity. This precludes summary judgment for now. Dkt. 70, Exs. 4, 5, 34.

**xi. New Orleans Design**

The copyrighted New Orleans design, which is covered by two Glasscraft copyrights, and the design sold by Arlene are very similar. However, the differences between the two designs are enough to preclude summary judgment. Dkt. 91, Exs. 4, 5.

**xii. Courtland Design**

The copyrighted Courtland design and the design sold by Arlene are very similar. However,

the differences between the two designs are enough to preclude summary judgment. Dkt. 91, Exs. 7, 8.

**xiii. Brazos Design**

The copyrighted Brazos design and the design sold by Arlene are very similar. However, the differences between the two designs are enough to preclude summary judgment. Dkt. 91, Exs. 10, 11.

**xiv. Bering Design**

Glasscraft has presented evidence that one of Arlene's customers ordered a door that would look like Glasscraft's copyrighted Bering design, which is covered by two Glasscraft copyrights. Dkt. 91, Ex. 15. However, Glasscraft has not submitted evidence that Arlene actually made and sold a door that was substantially similar to the Bering design. Accordingly, Glasscraft has not proven substantial similarity of the two products.

**xv. Arlington Design**

Glasscraft has presented evidence that one of Arlene's customers ordered a door that would look like Glasscraft's copyrighted Arlington design. Dkt. 91, Ex. 17. However, Glasscraft has not submitted evidence that Arlene actually made and sold a door that was substantially similar to the Bering design. Accordingly, Glasscraft has not proven substantial similarity of the two products.

**xvi. Wimberly Design**

Glasscraft has presented evidence that one of Arlene's customers ordered a door that would look like Glasscraft's copyrighted Wimberly design. Dkt. 91, Ex. 19. However, Glasscraft has not submitted evidence that Arlene actually made and sold a door that was substantially similar to the Bering design. Accordingly, Glasscraft has not proven substantial similarity of the two products.

**xvii. Creekside Design**

Glasscraft has presented evidence that one of Arlene's customers ordered a door that would look like Glasscraft's copyrighted Creekside design, which is covered by two Glasscraft copyrights. Dkt. 91, Ex. 22. However, Glasscraft has not submitted evidence that Arlene actually made and sold a door that was substantially similar to the Bering design. Accordingly, Glasscraft has not proven substantial similarity of the two products.

Because Glasscraft has proven that Arlene engaged in unauthorized copying of Glasscraft's design for the Remington, Valencia, Charleston, and New Orleans designs, it is entitled to summary judgment on those claims of copyright infringement.

**B. Willful Infringement**

Glasscraft seeks a finding that Arlene's infringement of Glasscraft's copyrights was willful. Dkt. 95. Infringement is willful if the defendant had knowledge that his conduct was infringement or recklessly disregarded the possibility that his conduct might constitute infringement. *See Broadcast Music, Inc. v. Xanthas, Inc.*, 855 F.2d 233, 236 (5th Cir. 1988). Glasscraft has presented evidence that every infringement by Arlene was willful. The court, having determined that Glasscraft is entitled to summary judgment on four of its infringement claims, will consider whether those infringements were willful. Since a finding of willfulness depends on a finding of infringement, the court will reserve judgment regarding the other infringement claims until trial.

**1. Remington**

Glasscraft has submitted a purchase order from one of Arlene's customers requesting a "Remington" designed door. The order form notes that a picture of the door can be found on page 33 of the Glasscraft catalog, and a picture from Glasscraft's catalog is attached with the copyrighted

design circled. Dkt. 95, Ex. G. This evidence is sufficient to prove that Arlene recklessly disregarded the possibility that it was violating the rights of Glasscraft when it sold the door.

**2. Valencia**

Glasscraft has submitted evidence that when Arlene sold the wrought iron grills that infringed on Glasscraft's Valencia design, its customer stated that "this is a Glass Craft door that we need to match." Dkt. 95, Ex. O. This evidence is sufficient to prove that Arlene recklessly disregarded the possibility that it was violating the rights of Glasscraft when it sold the grill.

**3. Charleston**

Glasscraft has submitted evidence that when it sold the wrought iron grills that infringed on Glasscraft's Charleston design, it billed its customer for "G/C Charleston Iron Grill." Dkt. 95, Ex. D. This evidence is sufficient to prove that Arlene recklessly disregarded the possibility that it was violating the rights of Glasscraft when it sold the grill.

**4. New Orleans**

Glasscraft has submitted a purchase order from one of Arlene's customers requesting a "Glass Craft New Orleans" door. Dkt. 95, Ex. S. This evidence is sufficient to prove that Arlene recklessly disregarded the possibility that it was violating the rights of Glasscraft**.**

Because Glasscraft can show that Arlene disregarded its copyrights when it copied Glasscraft's design, it is entitled to partial summary judgment. The court finds that Arlene's infringement of the Remington, Valencia, Charleston, Kensington, and New Orleans designs was willful.

**C. Breach of Contract Claims**

In 2004, Glasscraft accused Arlene of selling doors which infringed on Glasscraft's Versailles design. Dkt. 89. In order to settle the dispute, Arlene agreed to immediately stop selling the

allegedly infringing products (the "2004 Agreement"). Dkt. 89, Ex. B. Glasscraft alleges that Arlene breached the contract by continuing to sell the Versailles design in violation of their agreement. Dkt. 89. In support of its claim, Glasscraft submits several invoices issued by Arlene to its customers. Dkt. 89, Ex. C. The invoices show that Arlene has billed its customers for doors described as a "modified Versailles" design. *Id.* Glasscraft argues that these invoices establish a breach of the 2004 Agreement, and that it is entitled to a finding of liability on its breach of contract claim. Dkt. 89.

Arlene presents deposition testimony indicating that Arlene modified the original Versailles design by changing its size and shape, and that the invoices presented by Glasscraft are for the modified design. Dkt. 100. Based on this testimony, Arlene argues that it is entitled to summary judgment on Glasscraft's breach of contract claim because Glasscraft has not presented any evidence that Arlene's sales were for designs which actually violated the agreement. *Id.* Neither side has offered pictures of the doors invoiced as the "modified Versailles" design. The text of the invoices alone is insufficient to establish whether Arlene did or did not violate the 2004 Agreement. If the "modified Versailles" is a substantially modified design, then a reasonable fact finder could conclude that Arlene has not breached the agreement. On the other hand, if an examination of the designs reveals that the "modified Versailles" is exactly the same as the original and is only being called "modified" for billing purposes, a reasonable fact finder could conclude that Arlene violated the agreement by continuing to sell the design. Since either conclusion is possible from the facts currently before the court, neither party is entitled to summary judgment on the breach of contract claim, and both motion (Dkts. 89, 100) are DENIED.

**D. Affirmative Defenses**

Arlene's answer presents twenty-two affirmative defenses. Glasscraft has moved for

summary judgment on all of them, arguing that Arlene has not presented facts to support any of them. Dkt. 97. In its response, Arlene presents questions of fact on each affirmative defense which preclude summary judgment. Dkt. 126. Accordingly, Glasscraft's motion (Dkt. 97) is DENIED. However, the court will reevaluate the viability of Arlene's affirmative defenses after the presentation of evidence at trial.

**E. Counterclaims**

Arlene has filed counterclaims seeking a declaration that Glasscraft's copyrights are invalid and establishing the scope of the 2004 Agreement. Glasscraft moves to dismiss the counterclaims on the grounds that they were untimely and that they are unnecessary since the resolution of plaintiff's claims will fully resolve the underlying dispute between the parties. Dkt. 98. Arlene argues that the filing was timely and that a resolution of the counterclaims is required regardless of the outcome of plaintiff's case. Because the court has already determined that Glasscraft's copyrights are valid, Arlene's request for a declaration to the contrary is DENIED, and that claim is DISMISSED.

**1. Timeliness**

The deadline for plaintiffs and counter-plaintiffs to file amended complaints was June 26, 2009. Arlene argues that it was not a counter-plaintiff at the time the deadline was entered, so the deadline was inapplicable to it. Arlene filed its counterclaims as part of its amended answer, which was filed within 20 days of the filing of plaintiff's amended complaint. While the deadline was meant to apply to all parties seeking affirmative relief, which would include Arlene, the court is willing to grant leave to amend based on Arlene's apparent misunderstanding of the court's order.

**2. Availability of Declaratory Relief**

Courts have "substantial discretion in deciding whether to declare the rights of litigants."

*Wilton v. Seven Falls Co.*, 515 U.S. 277, 286, 115 S. Ct. 2137, 2142, 132 L. Ed. 2d 214 (1995). Glasscraft argues that the court should decline to exercise its discretion here because declaratory relief is unnecessary in light of plaintiff's affirmative claims. If all of plaintiff's claims are considered by a jury, then there is nothing substantive that can be added to the jury verdict by issuing a declaration in defendants' favor. However, if for some reason plaintiff's claims do not last through jury deliberations, either because the plaintiff drops them or they are dismissed by the court, a declaration regarding the 2004 Agreement could allow Arlene to conduct future business with a higher degree of certainty. For example, if plaintiff drops all of its claims, Arlene has an interest in persisting in its request for a declaration that selling the modified Versailles design does not violate the 2004 Agreement, and it can continue selling the design without fear of future ramifications. Plaintiff's motion to dismiss the counterclaims (Dkt. 98) is GRANTED IN PART and DENIED IN PART. Arlene's claim regarding the 2004 Agreement remains, but the claim regarding the copyrights is DISMISSED.

**F. Lanham Act**

Plaintiff brings claims for trademark infringement, unfair competition/false advertising, and implied passing off/reverse passing off pursuant to § 43(a) the Lanham Act. 15 U.S.C. § 1051 *et seq*. The Lanham Act makes "actionable the deceptive and misleading use of marks," and "protect[s] persons engaged in . . . commerce against unfair competition." 15 U.S.C. § 1127. It provides a federal remedy against people who use "any false designation of origin, false or misleading description of fact, or false or misleading representation of fact" in connection with "any goods or services." Arlene argues that the Lanham Act is inapplicable to the facts of this case and moves for summary judgment on all of plaintiff's Lanham Act claims. Dkt. 99.

In support of its motion, Arlene relies on *Dastar Corp. v. Twentieth Century Fox Film Corp.*, 539 U.S. 23, 123 S. Ct. 2041, 156 L. Ed. 2d, 18 (2003). In *Dastar*, the producer of a film series accused another film maker of coping its protected film content. The infringer produced the film and marketed it using its own name. The sole dispute centered around the content of the film, and there were no accusations of trademark infringement. The Court was "asked to decide whether § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), prevents the unaccredited copying of a work." In finding that it does not, the Court held that the word "origin" in § 43(a) refers to "the producer of the tangible goods that are offered for sale, and not to the author of any idea, concept, or communication embodied in those goods." *Id.* at 36. Since the infringing film maker did not misrepresent the origin of the film, the claims were not covered by the Lanham Act. The Court emphasized that § 43(a) cannot be used to extend patent or copyright protection, but is limited to trademark protection. *Id.*

Glasscraft has alleged that Arlene violated its copyrights by copying its designs for use in production of Arlene's doors. Based on the opinion in *Dastar*, Arlene argues that Glasscraft is limited to its copyright infringement action and cannot maintain an action under the Lanham Act. This would be true if Glasscraft's allegations were limited to those accusing Arlene of copying its designs. However, Glasscraft also accuses Arlene of infringing on specific registered and common law trademarks. Specifically, Glasscraft alleges that it has trademarks covering many of its design names such as "Charleston," "Marsala," "Travis," "Remington," "Brighton," and "Versailles." Dkt. 124. Glasscraft alleges that when Arlene sold its doors, it used the Glasscraft design names, and that use of the names violated the Lanham Act. *Id.* Since Glasscraft alleges facts supporting trademark violations that are wholly separate from the copyright infringement allegations, reliance on the Lanham Act is supportable in this case. Accordingly, Arlene's motion for summary judgment on the Lanham Act claims (Dkt. 99) is DENIED.

**G. Tortious Interference**

Glasscraft brings claims for tortious interference with an existing contract and tortious interference with prospective business relationships. Arlene moves for summary judgment on both claims. Dkt. 101.

**1. Prospective Business Relationships**

"To establish a cause of action for tortious interference with prospective business relationships, a plaintiff must show that (1) there was a reasonable probability that the parties would have entered into a business relationship; (2) the defendants committed an independently tortious or unlawful act that prevented the relationship from occurring; (3) the defendant either acted with a conscious desire to prevent the relationship from occurring or knew the interference was certain or substantially certain to occur as a result of the conduct; and (4) the plaintiff suffered actual harm or damages as a result of the defendant's interference." *Richardson-Eagle, Inc. v. William M. Mercer, Inc.*, 213 S.W.3d 469, 475 (Tex. App.–Houston [1st Dist.] 2006, pet. denied).

Glasscraft has offered evidence sufficient to create a genuine issue of material fact on each of these elements. In support of its claim, Glasscraft offers evidence of ongoing relationship with Hoelscher, a former defendant in this case. Glasscraft alleges that Hoelscher stopped buying doors from it after Arlene offered a lower price on glass doors. Glasscraft alleges that Arlene was able to offer these lower prices to Hoelscher because it was infringing on Glasscraft's copyrights and trademarks. Glasscraft also provides evidence that Seybro, another former defendant, was able to secure an advantage in its business relationships by showing that it could get Glasscraft designs from Arlene at a lower price. Glasscraft argues that if Arlene was not fulfilling Seybro's glass door requirements by providing infringing products, Glasscraft would have sold the doors to Seybro. Although these facts do not establish Glasscraft's claim of tortious interference with a prospective

business relationship as a matter of law, they are sufficient to defeat Arlene's motion for summary judgment on this claim.

**2. Existing Contract**

In order to prevail on a claim for tortious interference with an existing contract, a plaintiff must show that (1) a contract exists, (2) the defendant willfully and intentionally interfered with the contract, (3) the interference was a proximate cause of plaintiff's damages, and (4) the plaintiff suffered actual damage or loss. *Butnaru v. Ford Motor Co.*, 84 S.W.35 198, 207 (Tex. 2002). Arlene argues that Glasscraft has not shown any evidence on the first three elements. The court finds that this claim cannot proceed because Glasscraft has not shown evidence of an existing contract.

In support of the first element, Glasscraft points to its ongoing business relationship with Hoelscher. An ongoing relationship is not the same as a contract. Glasscraft has not presented any evidence that Hoelscher had a contractual obligation to make any future purchases that it breached because of Arlene's actions. Any damages to the relationship between Glasscraft and Hoelscher are actually damages to the relationship going forward and are covered by Glasscraft's claim for tortious interference with a prospective business relationship. Accordingly, Arlene's motion to dismiss the claim for tortious interference with an existing contract is GRANTED, and Glasscraft's claim is DISMISSED.

**H. Discovery Rule and Fraudulent Concealment**

A cause of action under the Copyright Act must be "commenced within three years after the claim accrued." 17 U.S.C. § 507. Under the discovery rule, which applies to copyright actions, a cause of action does not accrue until the "plaintiff discovers, or through the exercise of reasonable care and diligence should discover, the nature of his injury." *Moreno v. Sterling Drug, Inc.*, 787 S.W.2d 348, 351 (Tex. 1990); *Daboub v. Gibbons*, 42 F.3d 285, 291 (5th Cir. 1995). Arlene argues

that Glasscraft should have discovered the alleged infringements in 1995, when Glasscraft first sent a letter accusing Arlene of infringing on its designs. Dkt. 102. Glasscraft admits that it accused Arlene of infringement as early as 1995, but presents evidence that Arlene represented that it would stop selling the infringing designs. Glasscraft alleges that it did not find out that Arlene was still infringing on its designs until 2008, when it was revealed through discovery conducted in its case against Arlene's two former co-defendants. Because Glasscraft has presented evidence that its cause of action did not accrue until recently, Arlene's motion for summary judgment on Glasscraft's discovery rule argument is DENIED.

"Fraudulent concealment of a cause of action by the defendant will toll the statute of limitation." *Prather v. Neva Paperbacks, Inc.*, 446 F.2d 338, 340-41 (5th Cir. 1971). In order to establish entitlement to the tolling, a plaintiff must show "both successful concealment of the cause of action and fraudulent means to achieve the concealment." *Id.* Arlene argues that Glasscraft has not presented evidence on either element and should not be able to assert fraudulent concealment at trial. Dkt. 102. Glasscraft responds with evidence of both elements sufficient to defeat summary judgment. Glasscraft's evidence is based on representations made by Arlene that it would stop selling Glasscraft's Versailles design, which it then continued to sell. Glasscraft also presents evidence that it was diligent in investigating possible copyright violations by visiting various trade shows and showrooms. Dkt. 118, Ex. A. If Arlene continued selling the Versailles design after promising that it would not, Glasscraft may be entitled to a tolling of the limitations period on certain claims. This is a question for the jury, and Arlene's motion (Dkt. 102) is DENIED.

## IV. CONCLUSION

As noted above, Glasscraft's motions for summary judgment on its copyright infringement claims are GRANTED IN PART and DENIED IN PART (Dkts. 70, 91). Glasscraft's motion for

partial summary judgment regarding willfulness (Dkt. 95) is GRANTED IN PART and DENIED IN PART. Glasscraft and Arlene's motions for summary judgment on the breach of contract claim (Dkts. 89, 100) are DENIED. Glasscraft's motion for summary judgment on Arlene's affirmative defenses (Dkt. 97) is DENIED. Glasscraft's motion to dismiss Arlene's counterclaims (Dkt. 98) is GRANTED IN PART and DENIED IN PART. Arlene's motion for summary judgment on the Lanham Act claims (Dkt. 99) is DENIED. Arlene's motion for summary judgment on the tortious interference claims (Dkt. 101) is GRANTED IN PART and DENIED IN PART. Arlene's motion for summary judgment on Glasscraft's discovery rule and fraudulent concealment claims (Dkt. 102) is DENIED. Glasscraft's claim for tortious interference with an existing contract, and Arlene's claim for a declaration regarding the copyrights are DISMISSED WITH PREJUDICE. Final Judgment in this case will be rendered in due course.

Signed at Houston, Texas on October 22, 2009.

Gray H. Miller
United States District Judge

TO ENSURE PROPER NOTICE, EACH PARTY RECEIVING THIS ORDER SHALL FORWARD IT TO EVERY OTHER PARTY AND AFFECTED NONPARTY